UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UTICA MUTUAL INSURANCE COMPANY,

                              Plaintiff,
              vs                                      6:06-CV-1502

DONALD E. PAYNE; KATHLEEN A. PAYNE;
PAYNE FOREST PRODUCTS, INC.; and
DONALD E. PAYNE, doing business as
Payne Enterprises,
                              Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

GOLDBERG SEGALLA, LLP                 RICHARD A. BRADEN, ESQ.
Attorneys for Plaintiff
Suite 400
665 Main Street
Buffalo, New York 14203-1415

QUINN, BUSECK, LEEMHUIS,
    TOOEOY AND KROTO, INC.            LAWRENCE C. BOLLA, ESQ.
Attorneys for Defendants
2222 West Grandview Boulevard
Erie, Pennsylvania 16506-4508

KERNAN AND KERNAN, PC                 KEVIN G. MARTIN, ESQ.
Attorneys for Defendants
Suite 600
258 Genesee Street
Utica, New York 13502

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I.  INTRODUCTION

Plaintiff has moved for Summary Judgment pursuant to Fed. R. Civ. P. 56. Defendants have not opposed the motion.  The motion was taken on submit.

### II.  FACTS[1]

Plaintiff is a New York corporation engaged in the business of providing, among other things, insurance and surety products to its customers. (See Plaintiff's Local Rule 7.1 Statement of Material Facts at ¶ 1) (hereinafter referred to as "Statement of Facts"). At all relevant times, defendants Donald and Kathleen Payne, whether individually or through a corporation, have been engaged in harvesting and selling hardwood lumber. (Statement of Facts at ¶ 2).  In connection with their business, defendants from time to time have requested that plaintiff issue various bonds, including payment and performance bonds, on their behalf.  (Id. at ¶ 3).

Under typical bond arrangements with defendants, one or more of the defendants would enter into a timber contract with a third party. (Id. at ¶ 4). The third party (pursuant  to the terms of the underlying timber contract) typically required issuance of a payment and/or performance bond to assure performance of the contract by defendants. (Id.).  In connection with its issuance of bonds on defendants' behalf, plaintiff required the defendants to execute one or more General Agreement of Indemnity documents (hereinafter referred to as a "GAI" or "Guaranty Agreement"), through which defendants

─────────────────

[1] The facts are taken from plaintiff's unopposed motion papers, including the Statement of Material Facts [Docket No. 41].

covenanted and guaranteed to plaintiff  payment of any obligations incurred by plaintiff arising from its issuance of such bond(s).  (Id. at ¶ 6).

In 200I, Donald Payne, dba Payne Enterprises, (hereinafter "Payne"), entered into a timber sale contract with the Forest Service, United States Department of Agriculture ("USDA") for certain timber rights in the Allegheny National Forest (hereinafter the "USDA Contract") in the Commonwealth of Pennsylvania. (Id. at ¶¶ 16-17).  In connection with the USDA Contract, Payne was obliged to obtain one or more bonds for the benefit of the USDA.  Plaintiff issued a payment bond to the USDA in the penal sum of One Million Dollars ($1,000,000.00) (hereinafter the "Payment Bond") and a performance bond in the penal sum of Five-hundred fifty-thousand Dollars ($550,000.00).  (Id.).

Payne thereafter breached the USDA Contract in 2006, and the USDA demanded payment of Seven-hundred fifty-seven thousand three-hundred thirty-four and 64/100 Dollars ($757,334.64) from plaintiff under the Payment Bond. (Id. at ¶¶ 20-23). Plaintiff ultimately tendered payment to USDA in that amount and established a reserve of One Million Dollars ($1,000,000.00).  (Id. at ¶¶ 24-27).

Prior to the issuance of the Payment Bond by plaintiff, Payne (both individually, and on behalf of Payne Forest Products, Inc.) and his spouse, Kathleen Payne (individually) executed a GAI dated February 18, 1988 (hereinafter the "First GAI") in favor of plaintiff as indemnitors which provided, among other things, that:

> THE INDEMNITORS HEREBY ACKNOWLEDGE THAT THIS
> AGREEMENT IS INTENDED TO COVER WHATEVER BONDS,
> WHETHER OR NOT COVERED BY ANY APPLICATION SIGNED BY
> ANY ONE OR MORE OF THE INDEMNITORS WHICH MAY BE
> EXECUTED BY THE COMPANY [PLAINTIFF] ON BEHALF OF THE
> INDEMNITORS, OR ANY ONE OF THEM, FROM TIME TO TIME,
> AND OVER AN INDEFINITE PERIOD OF YEARS UNTIL THIS

AGREEMENT SHALL BE CANCELLED IN ACCORDANCE WITH THE
TERMS HEREOF.

(Id. at ¶¶ 7-8).

On or about June 6, 1991, Payne, (individually, and on behalf of Payne Forest

Products. Inc.) and Kathleen Payne (individually) executed an additional GAI (hereinafter

the "Second GAI") in favor of plaintiff.  The Second GAI provides, among other things,

that:

THE INDEMNITORS HEREBY ACKNOWLEDGE THAT THIS
AGREEMENT IS INTENDED TO COVER WHATEVER BONDS,
WHETHER OR NOT COVERED BY ANY APPLICATION SIGNED BY
ANY ONE OR MORE OF THE INDEMNITORS WHICH MAY BE
EXECUTED BY THE COMPANY [PLAINTIFF] ON BEHALF OF THE
INDEMNITORS, OR ANY ONE OF THEM, FROM TIME TO TIME,
AND OVER AN INDEFINITE PERIOD OF YEARS UNTIL THIS
AGREEMENT SHALL BE CANCELLED IN ACCORDANCE WITH THE
TERMS HEREOF.

(Id. at ¶¶ 9-10).

On or about November 29, 2000, Payne executed a GAI (the "Third GAI") in

favor of plaintiff. The Third GAI provides, among other things, that:

THE INDEMNITORS HEREBY ACKNOWLEDGE THAT THIS
AGREEMENT IS INTENDED TO COVER WHATEVER BONDS
(WHETHER OR NOT COVERED BY ANY OTHER AGREEMENT OF
INDEMNITY SIGNED AT ANY TIME BY ANY ONE OR MORE OF THE
INDEMNITORS - ALL OTHER AGREEMENTS OF INDEMNITY OF
ANY KIND BEING SUPPLEMENTAL TO THIS) MAY HAVE BEEN
EXECUTED BY THE COMPANY [PLAINTIFF] PRIOR HERETO OR
MAY IN THE FUTURE BE EXECUTED ON BEHALF OF THE
INDEMNITORS, OR ANY ONE OF THEM (WHETHER
CONTRACTING ALONE OR AS A JOINT OR COADVENTURER),
SAID FUTURE TO BE FOR AN INDEFINITE PERIOD OF YEARS
UNTIL THIS AGREEMENT SHALL BE CANCELLED IN
ACCORDANCE WITH THE TERMS HEREOF.

(Id. at ¶¶ 11-12).

The First GAI, Second GAI, and Third GAI are each separate and enforceable agreements and none of them replaced or superseded any prior agreement(s). (Id. at ¶ 13).  Under the explicit terms of the GAIs, each indemnitor, among other things, guarantees to pay plaintiff for any liability, costs, judgment, or expense incurred by plaintiff as a result of its issuance of any bond(s) on behalf of the indemnitors or any one of them. (Id. at ¶ 14). In fact, each GAI further provides, among other things, that:

> [t]he Indemnitors will indemnify and save harmless [plaintiff] from and against every claim, demand, liability, cost, charge, suit,  judgment and expenses which [plaintiff] may pay or incur in consequence of having executed, or procured the execution of, such bonds . . . including fees of attorneys . . . in bringing suit to enforce the obligation of the Indemnitors under this [GAI].

(Id., Exs. A, B, & C at ¶ 2).  Each defendant also guaranteed to deliver security to plaintiff in the event plaintiff establishes a reserve for any claim and guarantees to pay to plaintiff any costs or expenses incurred by plaintiff in enforcing its rights under the indemnity agreements.  (Id. at ¶ 15).

Plaintiff has demanded payment from defendants and also that they deposit collateral security with plaintiff in the amount of One Million Dollars ($1,000,000.00) under the terms of the GAIs. (Id. at ¶ 28).  Defendants have breached their obligations under the GAIs by failing to reimburse plaintiff the amount of money it paid to USDA on December 14, 2006, in the amount of Seven-hundred fifty-seven thousand three-hundred thirty-four and 64/100 Dollars ($757,334.64), despite due demand, and as provided by the GAIs.  Defendants have also failed to deposit collateral security in the amount of One Million Dollars ($1,000,000.00), as demanded by plaintiff. (Id. at ¶ 28-34).

### III.  PROCEDURAL HISTORY

In response to plaintiff's complaint which was filed on December 14, 2006, defendants initially moved for an order dismissing the action for lack of personal jurisdiction.  This motion to dismiss was denied.  (See Docket No. 29)  On May 24, 2007, defendants filed their answer to plaintiffs complaint. (See Docket No. 31). The parties thereafter engaged in mediation that did not result in settlement of the case. During a March 20, 2008, Status Conference, defendants' counsel informed the Court that they likely would be filing petitions in bankruptcy court, but that the exact date(s) of such filing was not certain.  (See Text Minute Entry for March 20, 2008).

### IV.  DISCUSSION

Under Rule 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986).  A dispute regarding material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

In assessing the merits of a summary judgment motion it must be determined "'whether there are issues of fact to be tried.'"  Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir. 1995) (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984)). All reasonable inferences and all ambiguities must be drawn in the nonmoving party's favor and the facts must be construed in the light most favorable to the nonmoving party. See Anderson, 477 U.S. at 255; see also Sutera, 73 F.3d at 16.

The same standard applies where, as here, the nonmoving party "chooses the perilous path of failing to oppose a summary judgment motion." Amaker v. Foley, 274 F.3d 677. 681 (2d Cir. 2001)(emphasis added).  A district court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citations evidenced in the record supports the assertion." Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (holding that a "failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment.  In fact, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law").

Based on the evidence in the record, there can be no reasonable dispute that the Guarantee Agreements are clear, complete documents that must be enforced pursuant to their terms.  Moreover, where contract language is unambiguous, "effect must be given to the intent of the parties as reflected by the express language of the agreement." 1550 Fifth Avenue Bay Shore, LLC v. 1550 Fifth Avenue, LLC, 297 A.D.2d 781, 783 (2d Dept. 2002).  Matters extrinsic to an unambiguous contract provision "may not be considered when the intent of the parties can be gleaned from the face of the instrument." Zalitis v. Circus World Toy Stores. Inc., 198 A.D.2d 411, 412 (2d Dept. 1993).

As detailed in the Statement of Material Facts, and the supporting affidavit of Kristie Carter, Esq. (Docket No. 40), each defendant executed one or more Guarantee Agreements that give rise to liability in this action as a result of Payne's breach of the USDA Contract and plaintiff's subsequent payment to the USDA under the terms of the

Payment Bond.  The Guaranty Agreements are clear, complete, and unambiguous contracts of indemnity that should by their terms be enforced. These documents specifically delineate the rights and obligations of the parties.  The Guaranty Agreements use definite and precise language in setting forth the defendants' broad obligations of indemnity to plaintiff as a result of its issuance of the Payment Bond, among others. Therefore, the construction of the Guaranty Agreements presents a question of law.

There also can be no reasonable dispute that Payne intentionally breached the USDA Contract.  He admits as much by his letter to the USDA dated January 20, 2006. (See Carter Affid., Ex. F).  As a result of Payne's breach of his obligations under the USDA Contract, plaintiff was required to pay Seven-hundred fifty-seven thousand three-hundred thirty-four and 64/100 Dollars ($757,334.64) to the USDA under the terms of the Payment Bond, which triggered defendants' indemnification obligations under the Guaranty Agreements.

Under New York law, an action for breach of contract requires proof of:  (1) a contract;  (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.  First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir.1998) (quotations and citations omitted).  Here, there is no doubt that defendants have breached their obligations under the Guaranty Agreements by failing to reimburse plaintiff for the amount of money it paid to the USDA on December 14, 2006, in the amount of Seven-hundred fifty-seven thousand three-hundred thirty-four and 64/100 Dollars ($757,334.64), as required by the Guaranty Agreements.  Defendants have also failed and refused to deposit collateral security in the amount of One Million Dollars ($1,000,000.00) as reasonably demanded by plaintiff pursuant to the Guaranty Agreements.

## V.  <u>CONCLUSION</u>

For the reasons set forth above, plaintiff's unopposed Motion for Summary Judgment must be granted in all respects.  Judgment shall be awarded against defendants, jointly and severely, in the amount of Seven-hundred, fifty-seven thousand, three-hundred thirty-four and 64/100 Dollars ($757,334.64), plus interest from December 14, 2006, at the statutory rate.  In addition, defendants are directed to deposit collateral security with plaintiff in the amount of One Million Dollars ($1,000,000.00)  as required by the Guaranty Agreements, on or before June 30, 2008.

Therefore, it is

ORDERED, that

1.  Plaintiff's motion for summary judgment is GRANTED;

2.  Plaintiff is awarded judgment against the defendants (jointly and severally) in the sum of Seven-hundred fifty-seven thousand three-hundred thirty-four and 64/100 Dollars ($757,334.64) plus interest from December 14, 2006, at the statutory rate (9%).

3.  Defendants are directed to deposit collateral security with plaintiff in the amount of One Million Dollars ($1,000,000.00) as required by the Guaranty Agreement, on or before June 30, 2008.

The Clerk is directed to enter judgment accordingly.

The plaintiff may file and serve a motion for attorney fees and costs on or before June 30, 2008.  The defendant may file and serve an answer on or before July 14, 2008.

There will be no reply.  The motion will be returnable on July 18, 2008, in Utica, New York.

It will be on submit.

IT IS SO ORDERED.


Dated: June 17, 2008
       Utica, New York.

United States District Judge